**UNITED STATES of America ex rel. John SUGGS, Petitioner,**

v.

**J. Edwin LaVALLEE, Superintendent, Clinton State Correctional Facility, Dannemora, New York, Respondent.**

**No. 72 Civ. 4336.**

United States District Court, S. D. New York.

Sept. 2, 1975.

Judson A. Parsons, Jr., Robert J. Costello, New York City, for petitioner.

Samuel A. Hirshowitz, First Asst. Atty. Gen., David R. Spiegel, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of N. Y., for respondent.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This case is before this Court on remand from the Second Circuit which vacated my prior order granting a writ of habeas corpus. The full facts of the case will be found at 390 F.Supp. 383 (S.D.N.Y.1975); and in the opinion of the Court of Appeals, 523 F.2d 539 (2d Cir., filed August 7, 1975).

Basically, Suggs is in custody of New York State officials pursuant to a judgment of conviction and sentence after his return from Matteawan State Hospital for the Criminally Insane and plea of guilty which he submitted immediately prior to being committed for hospitalization. It was the holding of this Court that the plea must be either reopened or at least reaffirmed before sentence could be imposed.

On appeal, the Assistant Attorneys General listed above requested leave to expand the appellate record to include two psychiatric reports which di-

rectly contradict the report upon which this commitment to Matteawan State Hospital for the Criminally Insane was imposed. Under these circumstances, the Court of Appeals of this circuit has directed that a hearing be held and left to my discretion where to hold such a hearing.

At such a hearing it will be necessary for Mr. Justice Nunez to be called as a witness to ascertain whether he had knowledge of the facts and circumstances surrounding the psychiatric reports which were not revealed to me until the opinion of the Court of Appeals had been filed.

Of course, if Mr. Justice Nunez had such reports, he would have held a hearing before committing the man to psychiatric care. There was no record before this Court of such a hearing. If Mr. Justice Nunez had knowledge of such reports without holding a hearing and making independent findings and yet committed the man, a serious constitutional question may be raised which up to this point has been unknown to any of the parties to the matter. *See Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972); *cf. O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975).

The second group of witnesses that must be called include the Assistant Attorneys General who handled this matter, particularly with respect to the existence or nonexistence of the records of such a hearing and commitment. It would be a travesty* if they were not called, and by further omission to state material facts the matter would have to be considered by some court.

Third, Mr. Justice Sandifer, who denied petitioner's motion to vacate judgment, must also be called as a witness to find out whether he had knowledge of

these reports and what action, if any, he took in connection therewith. In view of the fact of his lengthy opinion on the first remand from this Court, which contains absolutely no mention of the reports, it would appear that he had no knowledge of them. Of course, the parties may wish to call other witnesses.

Since the necessary witnesses will include Justices of the Supreme Court, it appears to me that the proper forum for taking their testimony would be the Supreme Court of the State of New York. Accordingly, the matter is remanded to that Court with the request that appropriate Administrative Justice assign it for hearing. It would be appreciated if the state court action could be completed within 90 days.

The remand is so ordered.

---

* It is heart-sickening for all courts to be faced with "newly discovered evidence" after a full and fair hearing, particularly where the evidence apparently could have been obtained before the hearing. It is particularly annoying both to trial and appellate judges that the record was expanded upon appeal to include such without even the appellant's requesting remand to the trial court to avoid such a waste of judicial time.